IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN BONNEAU,

        Plaintiff,        Civil No. 11-1249-TC

    v.                         ORDER

J.E. THOMAS, et al.,

        Defendants.

HOGAN, District Judge.

    Plaintiff, an inmate at FCI Sheridan, filed a civil rights complaint concerning his prescribed medications. Complaint (#2). By Order (#9) entered November 8, 2011, plaintiff's motion for leave to file an amended complaint was allowed. Plaintiff's amended complaint was due January 9, 2012. *See*, Order (#12). Plaintiff has not filed an amended complaint.

    On January 10, 2012, plaintiff filed a Motion for Temporary Restraining Order and/or Preliminary Injunction. (#14). Plaintiff seeks to enjoin defendants from: 1.) "Implementing and executing a blanket policy banning

1 - ORDER

commercially published photographs from receipt and retention through individuals and corporate entities/businesses" (sic) and 2.) "Housing plaintiff in Administrative Segregation without due process and ordering the plaintiff's release from Administrative Segregation pending further order of the court." Id.

The conduct plaintiff seeks to enjoin has nothing to do with plaintiff's underlying claim regarding his prescribed medications.

In order to obtain preliminary relief in the Ninth Circuit, a party must meet one of two alternative tests. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See, New Motor Vehicle Board v. Orrin W. Fox Co., 434 U.S. 1345, 1347, n. 2 (1977); Los Angles Unified Sch. Dist. v. United States District Court, 650 F.2d 1004, 1008 (9th Cir. 1981). Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party enjoys a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and (4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1074 n. 6 (9th Cir. 1991).

Under the alternative test, the moving party may meet its

2 - ORDER

burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992); see also A & M Records, Inc. v. Napster, Inc., 293 F.3d 1004, 1013 (9th Cir. 2001). These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." United States v. Odessa Union Warehouse Co-Op, 833 F.2d 172, 174 (9th Cir. 1987). The Ninth Circuit has suggested that the two standards amount to "a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." San Diego Comm. v. Governing Board, 790 F.2d 1471, 1473 n. 3 (9th Cir. 1986). The parties must demonstrate, "an irreducible minimum," that they have a fair chance of success on the merits. Brenda v. Grand Lodge of International Association of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978), cert. dismissed, 441 U.S. 937 (1979); Committee of Cent. American Refugees v. I.N.S., 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. Lancor v. Lebanon Housing Authority, 760 F.2d 361 (1st Cir. 1985). Also, under any formulation, the party seeking preliminary relief must

3 - ORDER

demonstrate that there exists a significant threat of irreparable injury. <u>Oakland Tribune v. Chronicle Pub. Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).

In this case, plaintiff has failed to establish entitlement to preliminary equitable relief under any of the standards set forth above. He has failed to establish the "irreducible minimum" of a fair chance of success on the merits or any possibility of irreparable harm from either the policy concerning commercial photographs or his confinement in Administrative Segregation.

Plaintiff's Motion for Temporary Restraining Order and/or Preliminary Injunction (#14) is denied.

IT IS SO ORDERED

DATED this 11th day of January, 2012.

Michael R. Hogan
United State District Judge