UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RYAN BONNEAU,

           Plaintiff,          3:11-1249-TC

           v.                      ORDER

J.E. THOMAS, et al.,

           Defendants.

AIKEN, District Judge.

    Pursuant to Local Rule 83.10, a party not represented by counsel has a "continuing duty to notify, the clerk's office whenever they change their mailing address or telephone number." When mail from the court to a party cannot be delivered due to the lack of a current address, and the failure continues for sixty (60) days, the court may dismiss the action. Local Rule 83.12.

    A Motion to Dismiss Advice Order (#60) sent to plaintiff's address of record on June 17, 2013, was returned to the court as undeliverable.

1 - ORDER

Accordingly, this action is dismissed for failure to prosecute.

In addition, defendants' un-controverted Memorandum (#46) establishes that:

1.) Plaintiff's pleadings demonstrate knowledge that he had knowledge of his alleged injury and it's cause on August 20, 2009, when the BOP denied him specific narcotics and medications that he had requested. Plaintiff filed his complaint in this action on October 17, 2011. Therefore, plaintiff *Bivens* claims are time barred. In addition, I find that plaintiff fails to state a cognizable *Bivens* claim as a factual matter because he has failed to allege sufficient facts to establish deliberate indifference to a serious medical need. plaintiff difference of opinion with his medical providers fails to state a claim under the Eighth Amendment. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1058 (9th Cir. 2004). Plaintiff's *respondeat superior* claims fail to state a claim as a matter of law.

2. Plaintiff did not present his administrative tort claim to the BOP until September 2, 2011, and therefore failed to comply with the 2-year limitations under 28 U.S.C. § 2401(b). Therefore, plaintiff's FTCA claims are time barred.

3. The record reflects that plaintiff failed to exhaust administrative remedies with respect to his claims as required

2 - ORDER

by 42 U.S.C. § 1997e(a).[1]

Accordingly, defendant's Motion to Dismiss (#45) is allowed.

The Clerk is directed to enter a judgment dismissing this action with prejudice.

DATED this 30 day of August, 2013.

_____
Ann Aiken
United State District Judge

---

[1] Ordinarily, failure to exhaust requires dismissal without prejudice. However in view of the other dispositive defenses raised in defendants' motion, dismissal *with prejudice* is appropriate in this case.

3 - ORDER